IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

MAY 11 2016

| | |
|---|---|
| HERNAN OSCAR GUTIERREZ,<br>　　　　Plaintiff,<br><br>v.<br><br>STATE OF TEXAS, ET AL.,<br>　　　　Defendants. | )<br>)<br>)<br>) No. 3:16-CV-310-B<br>)<br>)<br>) |

**FINDINGS CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b) and an order of the District Court, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge follow:

**I.    Background**

Plaintiff is a state prisoner and filed this complaint pursuant to 42 U.S.C. § 1983. He is proceeding *pro se* and the Court has granted him leave to proceed *in forma pauperis*. Defendants are the State of Texas, Dallas County, the Judge of the Dallas County 160th District Court, and Dallas County District Clerk Gary Fitzsimmons.

Plaintiff states he was charged and convicted of drug offenses. He claims Defendant Judge of the Dallas County 160th District Court unlawfully sentenced him knowing that the search and arrest warrants in his case were false documents. He claims the documents were false because the notary's certificate had expired at the time the documents were notarized. Plaintiff states Defendant Gary Fitzsimmons "omitted" these alleged false documents. Plaintiff seeks an

order dismissing his convictions.

## II. Screening

Plaintiff's complaint is subject to preliminary screening under 28 U.S.C. § 1915A. That section provides in pertinent part:

> The court shall review . . . as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity [and] [o]n review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from suit.

28 U.S.C. § 1915A(a) and (b); *see also* 28 U.S.C. § 1915(e)(2)(B) ("Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . (B) the action or appeal–(I) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from suit.").

Both § 1915A(b) and § 1915(e)(2)(B) provide for *sua sponte* dismissal if the Court finds that the complaint is frivolous or fails to state a claim upon which relief may be granted. A complaint is frivolous if it lacks an arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

## III. Discussion

### 1. *Heck v. Humphrey*

Plaintiff's claims are barred the Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477 (1994). Heck holds that a prisoner cannot bring a § 1983 action challenging his conviction or confinement unless and until the reason for his continued detention has been reversed on

direct appeal, expunged by executive order, or otherwise declared invalid by a state tribunal or federal court. The critical inquiry is whether a judgment in favor of the plaintiff would "necessarily imply the invalidity of his conviction or sentence." *Id.* at 486-87. If so, the claim is barred. *Id.*

Plaintiff claims the search and arrest warrants in his case were unlawful because the notary's certificate had expired. Plaintiff has failed to show, however, that his resulting convictions have been declared invalid by a state tribunal or federal court. Hence, no § 1983 cause of action has yet accrued and these claims should be dismissed with prejudice until the *Heck* conditions are met. *See Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996) (stating dismissal should be with prejudice until *Heck* conditions are met).

2. **State of Texas**

Plaintiff names the State of Texas as a Defendant. The doctrine of sovereign immunity bars suits against a state or state agency regardless of whether it seeks damages or injunctive relief. *Pennhurst State School and Hospital v. Halderman*, 465 U.S. 89, 101-02 (1984). Plaintiff's claims against this Defendant should be dismissed.

3. **Relief**

The relief Plaintiff seeks in this case is dismissal of his convictions. A challenge to Plaintiff's convictions, however, can only be brought under 28 U.S.C. § 2254. *Preiser v. Rodriguez*, 411 U.S. 475, 487-90 (1973). Plaintiff's claims should be dismissed.

## IV. Recommendation

The Court recommends that Plaintiff's complaint be summarily dismissed pursuant to 28 U.S.C. §§ 1915A and 1915(e)(2).

Signed this 11 day of May, 2016.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).